UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A., <br><br> Plaintiff, <br><br> - v - <br><br> NATIONAL CONSOLIDATED COURIERS, INC., and TANWEER AHMED, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** |

Plaintiff Citibank, N.A. ("Citibank" or "Plaintiff"), by its undersigned counsel, Thompson & Knight LLP, as and for its complaint, alleges as follows:

## INTRODUCTION

1.      This action relates to a line of credit that Citibank made available to defendant National Consolidated Couriers, Inc. ("Borrower" or "NCCI") in the amount of $500,000.00, and guaranteed by defendant Tanweer Ahmed ("Guarantor" or "Ahmed") and together with NCCI, the "Defendants"), which Defendants failed to repay to Citibank when due.

## PARTIES

2.      Citibank is a nationally chartered bank, with its principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

3.      NCCI is a corporation incorporated under the laws of the State of California, whose principal place of business was located at 14755 Catalina Street, San Leandro, California 94577, when the referenced line of credit was made available to it.  Accordingly, NCCI is a citizen of the state of California.

4. Ahmed is a resident of the State of Texas, residing at 28844 Oaks on the Water, Montgomery, Texas, 77356 or 11503 Renaissance Circle, Montgomery, Texas 77356.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, excluding interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

## BACKGROUND

**I.  The Relationship Ready Line of Credit**

7. On or about June 7, 2010, Ahmed, as the Chief Executive Officer of Borrower, executed a credit approval letter (the "Letter Agreement"), by which Citibank approved Borrower's request for a relationship ready line of credit (the "RLC"), a true copy of which is attached hereto as Exhibit "A."

8. The RLC was expressly made subject to the terms and conditions set forth in that certain Credit Terms and Conditions Disclosure Booklet (the "Disclosure Booklet," a true copy of which is attached hereto as Exhibit "B," and together with the Letter Agreement, the "Loan Documents").

9. Under the terms of the Loan Documents, Citibank has the right to accelerate the amounts due under the Loan Documents upon Borrower's default under the terms of the Loan Documents.

**II.     The Guaranty**

10. Ahmed also executed the Letter Agreement in his individual capacity, pursuant to which he agreed, among other things, to guaranty Borrower's obligations under the Loan Documents to Citibank.

11. Pursuant to the Loan Documents, Guarantor personally guarantied repayment of the RLC (the "Guaranty").

**III.    The Security Interest**

12. Pursuant to the Loan Documents, Borrower granted Citibank a first priority security interest in all of its personalty, among other things, as defined therein (collectively, the "Collateral"), to secure the repayment of any and all obligations it owed, as of then and in the future, to Citibank (the "Security Interest").

13. Citibank perfected the Security Interest upon the filing of a financing statement (the "Financing Statement") with the appropriate governmental authority on June 24, 2010.

**IV.    Borrower's Continuing Defaults**

14. Borrower has drawn down the full amount of the RLC.

15. Borrower is in default under the terms of the Loan Documents as a result of, among other things, its failure to make the required monthly payments under the Loan Documents.

16. Citibank provided notice of such defaults and accelerated the amount due and owing under the Loan Documents by letter dated December 3, 2015 (the "Notice of Default"), a true copy of which is attached hereto as Exhibit "C".

17. This failure constitutes an event of default as defined under the Loan Documents.

18. Borrower has failed to cure such defaults, despite demand under the Notice of Default.

19. There is now due, owing, and payable to Plaintiff the following indebtedness (the "Indebtedness") under the Loan Documents: (i) $257,234.26 in principal; (ii) accrued and unpaid interest at the contract and default rates; (iii) late charges; (iv) attorneys' fees, costs and expenses associated with the default under the Loan Documents, including costs of this action; and (v) all other sums provided for under the Loan Documents.

## COUNT I
### (SUIT ON THE LOAN DOCUMENTS/BREACH OF CONTRACT)

20. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

21. Borrower has defaulted under the Loan Documents for the reasons set forth above, and is in breach of its contractual obligations thereunder.

22. Under the Loan Documents, Borrower is obligated to pay Plaintiff's costs and expenses, including reasonable attorneys' fees, incurred in connection with any of the obligations of Borrower or the collection thereof.

## COUNT II
### (SUIT ON THE GUARANTY)

23. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

24. Pursuant to the Guaranty, Guarantor is obligated to Plaintiff for the full amount due and owing under the Guaranty, including reasonable attorneys' fees, incurred in connection with Borrower's obligations and the collection thereof.

## COUNT III
### (FORECLOSURE OF SECURITY INTERESTS GRANTED BY BORROWER)

25. Citibank repeats and realleges all prior allegations as if fully set forth herein.

26. Pursuant to the terms of the Loan Documents, Citibank was granted a security interest and lien on the Collateral.

27. Pursuant to the Loan Documents, as well as Article 9 of the Uniform Commercial Code, as adopted by the State of New York (the "UCC"), Citibank has the right, as a result of Borrower's defaults, to, *inter alia*:

    (a) Require Borrower to assemble the Collateral at its sole cost and expense;

    (b) Take possession of the Collateral;

    (c) Sell, lease, license, or otherwise dispose of the Collateral;

    (d) Apply the proceeds from any sale or other disposition of the Collateral to pay the amounts due and owing to Citibank under the Loan Documents, including principal, interest, fees, and attorneys' fees and costs; and/or

    (e) Pursue any and all other rights or remedies of a secured party under the UCC.

28. Citibank demands that judgment be entered against Borrower enforcing Citibank's rights under the Loan Documents and the UCC, foreclosing Citibank's Security Interest in the Collateral and awarding Citibank its attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## COUNT IV
### (PRELIMINARY INJUNCTION AGAINST BORROWER AND GUARANTOR)

29. Citibank repeats and realleges all prior allegations as if fully set forth herein.

30. Pursuant to the terms of the Loan Documents, Citibank is entitled to immediate possession of the Collateral.

31. Pursuant to the terms of the Loan Documents, Citibank is also entitled to immediately receive all proceeds, including account receivables and payments made pursuant to other contract rights, currently payable, and in the future payable, to Borrower.

32. There has been no prior application for the relief sought herein.

33. Citibank demands that judgment be entered against Borrower and Guarantor, or their agents, officers, directors, and employees, from wasting, impairing, encumbering, conveying or transferring the Collateral, and compelling Borrower to transfer possession of the Collateral to Citibank, as well as awarding Citibank its attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## COUNT V
### (REDUCING DEBTS TO JUDGMENT)

34. Citibank repeats and realleges all prior allegations as if fully set forth herein.

35. Citibank demands judgment against Borrower reducing its indebtedness to Citibank under the Loan Documents to judgment, awarding damages, costs of suit and attorneys' fees, and providing such additional relief as the Court deems just and proper.

## COUNT VI
### (UNJUST ENRICHMENT)

36. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

37. As a result of such failure and/or refusal to pay Plaintiff the amounts due and owing, Defendants have been unjustly enriched at the direct and sole expense of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Citibank respectfully demands relief as follows:

(a) judgment in favor of Citibank on the first cause of action, for damages in an amount equal to all unpaid principal, interest, late charges and collection costs, including but not limited to reasonable attorneys' fees and costs, as are due and owing in accordance with the Loan

Documents, and for costs and for such other relief as the Court may direct;

      (b)    judgment in favor of Citibank on the second cause of action, for damages in an amount equal to all unpaid principal, interest, late charges and collection costs, including but not limited to reasonable attorneys' fees and costs, as are due and owing in accordance with the Loan Documents, and for costs and for such other relief as the Court may direct;

      (c)    judgment in favor of Citibank on the third cause of action, enforcing Citibank's rights under the Loan Documents and the UCC, foreclosing Citibank's security interest in the Collateral and awarding Citibank its attorneys' fees, costs of suit, and such other relief as the Court deems just and proper;

      (d)    judgment in favor of Citibank on the fourth cause of action, against Borrower and Guarantors, or their agents, officers, directors, and employees, from wasting, impairing, encumbering, conveying or transferring the Collateral, and compelling Borrower to transfer possession of the Collateral to Citibank, as well as awarding Citibank its attorneys' fees, costs of suit, and such other relief as the Court deems just and proper;

      (e)    judgment in favor of Citibank on the fifth cause of action, reducing its indebtedness to Citibank under the Loan Documents to judgment, awarding damages, costs of suit and attorneys' fees, and providing such additional relief as the Court deems just and proper;

      (f)    judgment in favor of Citibank on the sixth cause of action, for damages in an amount equal to all unpaid principal, interest, late charges and collection costs, including but not limited to reasonable attorneys' fees and costs, as are due and owing in accordance with the Loan Documents, and for costs and for such other relief as the Court may direct;

      (g)    for costs of suit, including attorneys' fees against Defendants;

      (h)    such other and further relief as this Court deems just, proper, and equitable.

                                    THOMPSON & KNIGHT LLP
                                    *Attorneys for plaintiff Citibank, N.A*

Dated: New York, New York        By:   /s/ Stuart J. Glick
        January 6, 2016                      STUART J. GLICK

                                          900 Third Avenue, 20th Floor
                                          New York, New York 10022
                                          Telephone  (212) 751-3392
                                          Facsimile  (214) 880-3290
                                          Email stuart.glick@tklaw.com