## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A., | Case 1:16-cv-00125 |
| Plaintiff, | **ANSWER AND** |
| - v - | **AFFIRMATIVE DEFENSES** |
| | **OF DEFENDANT** |
| NATIONAL CONSOLIDATED COURIERS, INC., and TANWEER AHMED. | **TANWEER AHMED** |
| Defendants. | |

Defendant Tanweer Ahmed ("Ahmed" or "Defendant") answering the Complaint by Plaintiff Citibank, N.A. ("Plaintiff") for itself alone and on behalf of no other defendant, denies and alleges as follows.

## INTRODUCTION

1.     This action relates to a line of credit that Citibank made available to defendant National Consolidated Couriers, Inc. ("Borrower" or "NCCI") in the amount of $500,000.00, and guarantied by defendant Tanweer Ahmed ("Guarantor" or "Ahmed") and together with NCCI, the "Defendants"), [(sic)] which Defendants failed to repay to Citibank when due.

**Answer to No. 1**:

Defendant admits that this Paragraph accurately paraphrases Plaintiff's allegations in the Complaint concerning its breach of contact claim.  Defendant admits that Citibank made available to defendant National Consolidated Couriers, Inc. ("Borrower" or "NCCI") in the amount of $500,000.00, and guarantied by defendant Tanweer Ahmed ("Guarantor" or "Ahmed").  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation set forth in this Paragraph and on that basis denies it.

## PARTIES

2.     Citibank is a nationally chartered bank with its principal place of business located at 701 I East 60th Street North, Sioux Falls, South Dakota 57104.

**Answer to No. 2**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and on that basis denies them.

3.        NCCI is a corporation incorporated under the laws of the State of California, whose principal place of business was located at 14755 Catalina Street, San Leandro, California 94577, when the referenced line of credit was made available to it. Accordingly, NCCI is a citizen of the state of California.

**Answer to No. 3**:

Defendant admits that NCCI is a corporation incorporated under the laws of the State of California, whose principal place of business was located at 14755 Catalina Street, San Leandro, California 94577, when the referenced line of credit was made available to it. The remaining allegations in this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies them.

4. Ahmed is a resident of the State of Texas, residing at 28844 Oaks on the Water, Montgomery, Texas, 77356 or 11503 Renaissance Circle, Montgomery, Texas 77356.

**Answer to No. 4**:

Defendant admits that he is a resident of the State of Texas, residing at 28844 Oaks on the Water, Montgomery, Texas, 77356.  Defendant denies the remaining allegations in this Paragraph.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, excluding interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

**Answer to No. 5**:

Defendant admits the allegations in this Paragraph.

6.        Venue is proper pursuant to 28 U.S.C. § 1391.

**Answer to No. 6**:

Defendant admits that venue is appropriate in this Court.

## BACKGROUND

I.      **The Relationship Ready Line of Credit**

7.      On or about June 7, 2010, Ahmed, as the Chief Executive Officer of Borrower, executed a credit approval letter (the "Letter Agreement"), by which Citibank approved Borrower's request for a relationship ready line of credit (the " RLC"), a true copy of which is attached hereto as Exhibit "A."

**Answer to No. 7**:

Defendant admits the allegations in this Paragraph.  Defendant further responds that Exhibit "A" speaks for itself.

8.      The RLC was expressly made subject to the terms and conditions set forth in that certain Credit Terms and Conditions Disclosure Booklet (the "Disclosure Booklet," a true copy of which is attached hereto as Exhibit "B," and together with the Letter Agreement, the "Loan Documents").

**Answer to No. 8**:

The allegations in this Paragraph are legal conclusions to which no response is required.

To the extent a response is required, Defendant admits them.  Defendant further responds

that Exhibit "B" speaks for itself.

9. Under the terms of the Loan Documents, Citibank has the right to accelerate the amounts due under the Loan Documents upon Borrower's default under the terms of the Loan Documents.

**Answer to No. 9**:

The allegations in this Paragraph are legal conclusions to which no response is required.

To the extent a response is required, Defendant admits them.  Defendant further responds

that the Loan Documents speak for themselves.

II.     **The Guaranty**

10.     Ahmed also executed the Letter Agreement in his individual capacity, pursuant to which he agreed, among other things, to guaranty Borrowers' obligations under the Loan Documents to Citibank.

**Answer to No. 10**:

Defendant admits the allegations in this Paragraph.  Defendant further responds that the Letter Agreement speaks for itself.

11.     Pursuant to the Loan Documents, Guarantor personally guarantied repayment of the RLC (the "Guaranty").

**Answer to No. 11**:

Defendant admits the allegations in this Paragraph.  Defendant further responds that the Loan Documents speak for themselves.

**III.    The Security Interest**

12.     Pursuant to the Loan Documents, Borrower granted Citibank a first priority security interest in all of its personalty, among other things, as defined therein (collectively, the "Collateral"), to secure the re-payment of any and all obligations it owed as of then and in the future, to Citibank (the "Security Interest").

**Answer to No. 12**:

The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits them.  Defendant further responds that the Loan Documents speak for themselves.

13.     Citibank perfected the Security Interest upon the filing of a financing statement (the "Financing Statement") with the appropriate governmental authority on June 24, 2010.

**Answer to No. 13**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph.

IV.    **Borrower's Continuing Defaults**

14.    Borrower has drawn down the full amount of the RLC.

**Answer to No. 14**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph.  Those allegations are therefor denied.

15.    Borrower is in default under the terms of the Loan Documents as a result of, among other things, its failure to make the required monthly payments under the Loan Documents.

**Answer to No. 15**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph.  Those allegations are therefor denied.

16.    Citibank provided notice of such defaults and accelerated the amount due and owing under the Loan Documents by letter dated December 3, 2015 (the "Notice of Default"), a true copy of which is attached hereto as Exhibit "C".

**Answer to No. 16**:

Defendant admits that Citibank provided notice of such defaults and accelerated the amount due and owing under the Loan Documents by letter dated December 3, 2015. Defendant further responds that Exhibit "C" speaks for itself.

17.    This failure constitutes an event of default as defined under the Loan Documents.

**Answer to No. 17**:

The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.  Defendant further responds that the Loan Documents speak for themselves.

18.    Borrower has failed to cure such defaults, despite demand under the Notice of Default.

**Answer to No. 18**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph. Those allegations are therefor denied.

19.     There is now due, owing, and payable to Plaintiff the following indebtedness (the " Indebtedness") under the Loan Documents: (i) $257,234.26 in principal; (ii) accrued and unpaid interest at the contract and default rates; (iii) late charges; (iv) attorneys' fees, costs and expenses associated with the default under the Loan Documents, including costs of this action; and (v) all other sums provided for under the Loan Documents.

**Answer to No. 19**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph. Those allegations are therefor denied.

<u>**COUNT I**</u>
**(SUIT ON THE LOAN DOCUMENTS/BREACH OF CONTRACT)**

20.     Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

**Answer to No. 20**:

Defendant repeats and re-alleges his responses to Paragraphs 1 through 19 and incorporates them by reference.

21.     Borrower has defaulted under the Loan Documents for the reasons set forth above, and is in breach or its contractual obligations thereunder.

**Answer to No. 21**:

The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits them. Defendant further responds that the Loan Documents speak for themselves.

22.     Under the Loan Documents, Borrower is obligated to pay Plaintiffs costs and expenses, including reasonable attorneys' fees, incurred in connection with any of the obligations of Borrower or the collection thereof.

**Answer to No. 22**:

Defendant responds that the Loan Documents speak for themselves.

**COUNT II**
**(SUIT ON THE GUARANTY)**

23. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

**Answer to No. 23**:

Defendant repeats and re-alleges his responses to Paragraphs 1 through 22 and incorporates them by reference.

24. Pursuant to the Guaranty, Guarantor is obligated to Plaintiff for the full amount due and owing under the Guaranty, including reasonable attorneys' fees, incurred in connection with Borrower's obligations and the collection thereof.

**Answer to No. 24**:

The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.  Defendant further responds that the Loan Documents speak for themselves.

**COUNT III**
**(FORECLOSURE OF SECURITY INTERESTS GRANTED BY BORROWER)**

25.     Citibank repeats and realleges all prior allegations as if fully set forth herein.

**Answer to No. 25**:

Defendant repeats and re-alleges his responses to Paragraphs 1 through 25 and incorporates them by reference.

26.     Pursuant to the terms of the Loan Documents, Citibank was granted a security interest and lien on the Collateral.

**Answer to No. 26**:

Defendant responds that the Loan Documents speak for themselves.

27.     Pursuant to the Loan Documents, as well as Article 9 of the Uniform Commercial

Code, as adopted by the State of New York (the "UCC"), Citibank has the right, as a result of Borrower's defaults, to, inter alia:

(a) Require Borrower to assemble the Collateral at its sole cost and expense:
(b) Take possession of the Collateral;
(c) Sell, lease, license, or otherwise dispose of the Collateral;
(d) Apply the proceeds from any sale or other disposition of the Collateral to pay the amounts due and owing to Citibank under the Loan Documents, including principal. interest, fees, and attorneys' fees and costs: and/or
(e) Pursue any and all other rights or remedies of a secured party under the UCC.

**Answer to No. 27**:

The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.  Defendant further responds that the Loan Documents as well as Article 9 of the Uniform Commercial Code, as adopted by the State of New York (the "UCC") speak for themselves.

28.     Citibank demands that judgment be entered against Borrower enforcing Citibank's rights under the Loan Documents and the UCC, foreclosing Citibank 's Security Interest in the Collateral and awarding Citibank its attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

**Answer to No. 28**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph.  Those allegations are therefor denied.

## COUNT IV
### (PRELIMINARY INJ UNCTION AGAINST BORROWER AND GUARANTOR)

29.     Citibank repeats and realleges all prior allegations as if fully set forth herein.

**Answer to No. 29**:

Defendant repeats and re-alleges his responses to Paragraphs 1 through 28 and incorporates them by reference.

30.     Pursuant to the terms of the Loan Documents, Citibank is entitled to immediate possession of the Collateral.

**Answer to No. 30**:

The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.  Defendant further responds that the Loan Documents speak for themselves.

31.     Pursuant to the terms of the Loan Documents, Citibank is also entitled to immediately receive all proceeds, including account receivables and payments made pursuant to other contract rights, currently payable, and in the future payable, to Borrower.

**Answer to No. 31**:

The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.  Defendant further responds that the Loan Documents speak for themselves.

32.     There has been no prior application for the relief sought herein.

**Answer to No. 32**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph.  Those allegations are therefor denied.

33.     Citibank demands that judgment be entered against Borrower and Guarantor, or their agents, officers, directors, and employees, from wasting, impairing, encumbering, conveying, or transferring the Collateral, and compelling Borrower to transfer possession of the Collateral to Citibank, as well as awarding Citibank its attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

**Answer to No. 33**:

The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.  Defendant further responds that the Loan Documents speak for themselves.

## COUNT V
## (REDUCING DEBTS TO JUDGMENT)

34.     Citibank repeats and realleges all prior allegations as if fully set forth herein.

**Answer to No. 34**:

Defendant repeats and re-alleges his responses to Paragraphs 1 through 28 and
incorporates them by reference.

35.     Citibank demands judgment against Borrower reducing its indebtedness to
Citibank under the Loan Documents to judgment, awarding damages, costs of suit and
attorneys' fees, and providing such additional relief as the Court deems just and proper.

**Answer to No. 35**:

The allegations in this Paragraph are legal conclusions to which no response is required.
To the extent a response is required, Defendant denies them.  Defendant further responds
that the Loan Documents speak for themselves.

## COUNT VI
## (UNJUST ENRICHMENT)

36.     Plaintiff repeats and realleges all prior allegations as if fully set forth here in.

**Answer to No. 36**:

Defendant repeats and re-alleges his responses to Paragraphs 1 through 35 and
incorporates them by reference.

37.     As a result or such failure and/or refusal to pay Plaintiff the amounts due and
owing, Defendants have been unjustly enriched at the direct and sole expense of Plaintiff.

**Answer to No. 37**:

The allegations in this Paragraph are legal conclusions to which no response is required.
To the extent a response is required, Defendant denies them.

## AFFIRMATIVE DEFENSES

Defendant sets forth below his affirmative defenses.  Unless otherwise stated, each affirmative defense is asserted as to all claims for relief against Defendant. In setting forth his affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a claim for relief were such a burden properly belongs to plaintiff. Moreover, nothing stated herein is intended to be construed as an acknowledgment that any particular issue or subject matter is relevant to plaintiff's allegations. Nor shall anything stated or unstated constitute an admission of any kind.

### AFFIRMATIVE DEFENSE NO. 1
### (Failure to State a Claim for Relief)

Plaintiff fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant. Plaintiff also seeks relief against Defendant that is not properly recoverable by Plaintiff, and Plaintiff is therefore barred from any recovery against Defendant.

### AFFIRMATIVE DEFENSE NO. 2
### (Act of Third Party)

Defendant is not liable to Plaintiff because the alleged failure to repay was caused solely by an act or omission of a third party or third parties.

### AFFIRMATIVE DEFENSE NO. 3
### (Estoppel & Waiver)

Defendant alleges that the claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

### AFFIRMATIVE DEFENSE NO. 4
### (Failure to Comply with Conditions Precedent)

Defendant is not liable to Plaintiff because Plaintiff failed to comply with conditions precedent pursuant to the Loan Documents.

### AFFIRMATIVE DEFENSE NO. 5
### (Failure to Join Necessary and/or Indispensable Parties)

Plaintiff has failed to join all necessary and/or indispensible parties.

### AFFIRMATIVE DEFENSE NO. 6
**(Parol Evidence)**

Defendant alleges that the Complaint includes references to alleged agreements made outside of the alleged written contract, violating the Parole Evidence Rule.

### AFFIRMATIVE DEFENSE NO. 7
**(Compliance with Applicable Laws)**

All conduct and activity of Defendant alleged in the Complaint was in good faith and conformed to all laws and government regulations based upon the state of knowledge existing at all relevant times.

### AFFIRMATIVE DEFENSE NO. 8
**(Unclean Hands)**

Defendant is informed and believes that the Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

### AFFIRMATIVE DEFENSE NO. 9
**(Performance Excused)**

Assuming arguendo that Defendant owed any obligation to which full performance has not been rendered, which Defendant expressly denies, performance of said obligation has been excused by the acts and omissions of Plaintiff or its agents excluding this Defendant.

### AFFIRMATIVE DEFENSE NO. 10
**(Standing)**

Defendant is informed and believes and on that basis alleges that Plaintiff lacks standing.

### AFFIRMATIVE DEFENSE NO. 11
**(Violation of California Law)**

Plaintiff has violated California consumer protection statutes that makes the Loan Documents unenforceable.

### AFFIRMATIVE DEFENSE NO. 12
**(Accord and Satisfaction)**

Plaintiff and Defendant have already resolved the allegations raised in the Complaint.

## <u>AFFIRMATIVE DEFENSE NO. 13</u>
### (Excuse)

Defendant was prevented from performance (Cal. Civ. Code § 1511) by the acts or omissions of third parties.

Defendant reserves the right to amend and/or add additional Answers, Defenses and/or Affirmative Defenses at a later date.

DATED: April 6, 2016

<u>/s/ Tor Ekeland</u>
Tor Ekeland (TE5608)
**TOR EKELAND, P.C.**
195 Plymouth Street, 5th Floor
Brooklyn, NY 11201
P: (718) 737-7264
F: (718) 504-5417
tor@torekeland.com